UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROCKY MOUNTAIN RAIL CAR & REPAIR, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>APPLIED COMPANIES, INC., a California Corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-990 CW<br><br>Judge Clark Waddoups |

Plaintiff Rocky Mountain Rail Car & Repair, LLC filed this action on December 19, 2019. Although the Civil Cover Sheets states this court has jurisdiction based on a federal question, Plaintiff's Complaint asserts diversity jurisdiction. Complaint, ¶ 3 (ECF No. 2). The claims at issue are for breach of contract, promissory estoppel, unjust enrichment, and third-party beneficiary. Although Defendant appears to have entered into a contract with the United States Navy, the Navy is not a party and no federal law appears to govern the claims. Accordingly, federal question jurisdiction is not apparent from the face of the Complaint. *Kuri v. Matrix Ctr.*, 647 F. App'x 867, 868 (10th Cir. 2016) (describing when federal question jurisdiction is applicable).

"In the United States, most cases are handled by state courts, not federal courts. For a

federal court to decide a case, it has to have subject-matter jurisdiction." *Id.* "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quotations and citation omitted). Consequently, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (citation omitted). "Congress has exercised its prerogative to restrict the subject-matter jurisdiction of federal district courts based on a wide variety of factors . . . ." *Id.* at 515 n.11. Diversity jurisdiction requirements are one such limitation. *Kuri*, 647 F. App'x at 868.

"[F]or entities other than corporations," the court's "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of . . . each of its members." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991) (quotations and citation omitted). Moreover, "where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015) (quotations and citation omitted); *see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356–57 (6th Cir. 2010); *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003).

Because Plaintiff is a Utah limited liability company and not a corporation, Plaintiff must name each member of the limited liability company to establish diversity jurisdiction. Alternatively, Plaintiff must explain how a federal question is before the court. Plaintiff shall file an Amended Complaint addressing this issue **on or before May 27, 2020**. Failure to

establish jurisdiction shall result in dismissal of this action.

SO ORDERED this 6th day of May, 2020.

BY THE COURT:

Clark Waddoups
United States District Judge